Zachary JONES, Petitioner–Appellant,

v.

Raymond TOOMBS, Warden,
Respondent–Appellee.

No. 95–1340.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 12, 1996.

Decided Feb. 13, 1997.*

Zachary R. Jones (brief), Carson City, MI, pro se, Trisha Zeller James (argued and briefed), Louisville, KY, for Petitioner–Appellant.

Kathleen Davison Hunter, Asst. Attorney General (argued and briefed), Arthur E. D'Hondt, Office of the Attorney General, Habeas Division, Lansing, MI, for Respondent–Appellee.

Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.

## OPINION

BOYCE F. MARTIN, Jr., Chief Judge.

Zachary R. Jones appeals the dismissal of his habeas corpus petition, claiming that the district court improperly dismissed his petition on the basis that Jones procedurally defaulted his claims pursuant to an adequate and independent state procedural rule. For the reasons given below, we affirm the decision of the district court.

I.

During the summer of 1983, in two separate proceedings in Michigan state court, Jones was convicted of delivering a controlled substance and of being a fourth-time felony offender. Jones then was sentenced to a prison term of twenty to forty years. Jones filed his appeal of right to the Michi-

---

* This decision was originally issued as an "unpublished decision" filed on February 13, 1997. On August 26, 1997, the court designated the opinion as one recommended for full-text publication.

gan Court of Appeals, arguing that the prosecution failed to comply with Michigan's *res gestae* witness rule. The appeals court affirmed the conviction and the Michigan Supreme Court subsequently denied leave to appeal.

Jones then filed two motions for a new trial with the trial court, on September 2, 1988, and May 24, 1990. Both motions were denied and the court of appeals denied application to appeal the second motion on September 19, 1990. The clerk of the Michigan Supreme Court returned Jones's pleadings on February 8, 1991, because the time for filing a delayed appeal had expired.

On February 28, 1991, Jones filed a petition for writ of habeas corpus with the United States District Court for the Western District of Michigan, claiming prosecutorial error both in charging Jones as a fourth-time offender instead of as a second or third-time offender, and in referring to Jones as a drug dealer. On June 1, 1992, the district court dismissed the petition because Jones had failed to exhaust his state remedies as to those claims.

Jones then returned to the trial court and filed a motion for relief from judgment under MCR 6.500 claiming (1) a denial of due process because a defense witness was permitted to assert Fifth Amendment rights during Jones's trial, and (2) trial court error in refusing to reread testimony to the jury at the jury's request. On October 6, 1992, the trial court denied the motion, reasoning that Jones had failed to show good cause for his failure to raise these two issues in his appeal of right.

On October 27, 1992, Jones filed an application for leave to appeal in the Michigan appeals court, raising three issues: the same issues raised at the trial court, and a claim that the trial court had erred in finding that he had failed to show good cause and prejudice. On March 2, 1993, the appeals court denied discretionary review, explaining that Jones had failed to show cause and prejudice. The Michigan Supreme Court denied review for the same reasons.

On October 7, 1993, Jones filed his second petition for writ of habeas corpus in the district court, claiming (1) a due process violation as a result of a defense witness being permitted to invoke Fifth Amendment privileges, and (2) error at the trial court in finding that Jones had failed to show cause and prejudice for his failure to raise his claims in his appeal of right. On March 13, 1995, the district court dismissed Jones's petition, reasoning that Jones had procedurally defaulted his Fifth Amendment claim and had failed to demonstrate cause for such failure. Jones then appealed the district court's dismissal to this Court.

## II.

In *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991), the Supreme Court set forth the standard by which federal courts review federal claims that have been defaulted in state court.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Therefore, we first must determine whether Jones's claims were dismissed pursuant to an adequate and independent state procedural rule. We then must consider whether Jones has demonstrated cause for his default and actual prejudice, or whether a failure to consider his claim will result in a fundamental miscarriage of justice.

Jones claims that MCR 6.508(D)(3) cannot provide an adequate and independent state basis because it was not promulgated until 1989—several years after his appeal of right. Jones relies on *Ford v. Georgia*, 498 U.S. 411, 423–24, 111 S.Ct. 850, 857–58, 112 L.Ed.2d 935 (1991), for the principle that an adequate and independent state rule must also be "firmly established and regularly followed" to prevent subsequent federal review. In response, the government claims that Michigan courts adhered to the substantive

dictates of MCR 6.508(D)(3) long before it was promulgated and that, in any event, MCR 6.508(D)(3) has been given retroactive effect.

Although the parties frame the issue as one of the applicability of MCR 6.508(D)(3) prior to its promulgation in 1989, the facts of the case before us do not require that we address this issue. MCR 6.508(D)(3) states:

> The court may not grant relief to the defendant if the motion ... (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates (a) good cause ... and (b) actual prejudice ...

Review of the record indicates that Jones filed a Motion for Relief from Judgment in January of 1990. The order denying relief states that Jones's motion included a claim for relief under subchapter 6.500, that the trial court had misidentified him as a drug dealer. As such, Jones's 1990 motion was a "prior motion under this subchapter" as defined by MCR 6.508(D)(3).

Although MCR 6.508(D)(3) may not have been promulgated prior to Jones's appeal of right, it was certainly firmly established and regularly followed when Jones filed his 1990 motion, and all subsequent motions. Therefore, when the Michigan courts denied the motions brought after 1990 pursuant to MCR 6.508(D)(3), they were applying a firmly established and regularly followed procedural rule.

■ Having concluded that Jones's claims were dismissed on the basis of an adequate and independent state procedural rule, we now turn to the question of whether Jones has demonstrated cause for his default and actual prejudice, or whether a failure to consider his claim will result in a fundamental miscarriage of justice.

Jones does not claim that the dismissal of his claims constitutes a fundamental miscarriage of justice. Instead, Jones maintains that his current claims have merit, that his appellate counsel's decision not to present them on appeal constitutes ineffective assis-

tance of counsel, and that such ineffective assistance constitutes cause for failing to bring his current claims in a prior proceeding.

In *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), the Supreme Court established the analysis for determining cause under *Coleman*, with regard to a claim of ineffective assistance of counsel:

> So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in [*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules.

The Court offered several examples of such external factors, including a showing that the factual or legal basis for the claim was not available to counsel, or that some interference by officials prevented compliance with the procedural rule. Finally, the Court explained that the exhaustion doctrine "requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488–89, 106 S.Ct. at 2645–46.

Jones has provided no external factor that would have impeded his ability to raise his current claims in prior proceedings. Although Jones has consistently offered his claim of ineffective assistance of counsel to satisfy the cause requirement, we can find nothing in the record to indicate that Jones's claim of ineffective assistance was ever raised as an independent issue in state court. Accordingly, Jones has failed to satisfy the cause requirement of *Coleman*.

### III.

Because Jones defaulted his current claims in Michigan state courts as a result of an

adequate and independent state procedural rule, and because Jones has failed to show adequate cause for such default, *Coleman* prohibits federal review of his current claims. Accordingly, the order of the district court is affirmed.