**Fred Harry ROGERS, Petitioner–Appellant,**

**v.**

**Carol HOWES, Respondent–Appellee.**

No. 96–1862.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 5, 1997.

Decided May 26, 1998.

Theodore E. Hughes (briefed), Office of the Attorney General, Habeas Corpus Division, Lansing, MI, Douglas P. Dwyer, Wayne County Prosecutor's Office, Detroit, MI, for Respondent–Appellee.

Fred Harry Rogers (briefed), Kincheloe, MI, Petitioner–Appellant Pro Se.

Before: BOGGS, MOORE, and FARRIS,* Circuit Judges.

MOORE, Circuit Judge.

We consider in this appeal whether the federal courts are procedurally barred from reviewing a habeas petition when the Michigan courts previously have held the petitioner's claims procedurally barred through retroactive application of MICHIGAN COURT RULE ("M.C.R.") 6.508(D)(3), which now prohibits the Michigan courts from granting relief to defendants who could have raised grounds for relief on direct appeal from a conviction and sentence or in a prior motion for relief from judgment absent a demonstration of cause and prejudice. Federal courts will not review a habeas petition when there exists an adequate and independent state procedural bar. Because we conclude that retroactive application of M.C.R. 6.508(D)(3) to defendants convicted prior to its enactment does not qualify as an adequate and independent state procedural bar, we reverse the district court's decision refusing to review petitioner's habeas petition.

---

* The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. An actual innocence exception also exists: if the court "concludes that there is a significant

## I. FACTS AND PROCEDURAL HISTORY

A Michigan jury found the petitioner guilty of first-degree murder in 1965. The state trial court then sentenced him to life imprisonment without the possibility of parole. Although appellate counsel was appointed by the court to represent petitioner on appeal, petitioner failed to file an appeal as of right.

In 1989, 25 years after petitioner's conviction and sentence, Michigan enacted criminal procedural rules governing post-appeal relief. M.C.R. 6.500 et seq. ("*Postappeal Relief*"). M.C.R. 6.508(D) limits the conditions under which a defendant is entitled to relief from judgment once the defendant has exhausted his or her direct appeal. Specifically, Michigan courts may not grant relief to defendants when the grounds for relief "could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter," unless the defendant demonstrates good cause for his failure and actual prejudice. M.C.R. 6.508(D)(3).[1]

In 1991, almost three decades after his conviction and sentence, petitioner filed a motion for "relief from judgment" in the Michigan Circuit Court for the County of Wayne pursuant to M.C.R. 6.500 et seq. Although the petitioner labeled his request a "motion for relief from judgment," he merely sought the appointment of appellate counsel in order to perfect an appeal from his 1965 conviction, claiming he was denied an appeal of right. See Petitioner's 11/27/91 Mot. in Mich. Cir. Ct. The court denied petitioner's motion for appointment of counsel. See Petitioner's App. at A–28 (Mich. Cir. Ct. Op. and Order Den. Def.'s Mot. (2/3/92)). Petitioner did not appeal this decision. In 1992, petitioner filed in state court a second motion for relief from judgment, in which he asserted several new claims that are the subject of the habeas petition now before us on appeal. The state trial court denied petitioner's second motion, finding procedural default on the basis that petitioner failed to raise his claims on direct appeal and did not establish cause

possibility that the defendant is innocent of the crime" it may waive the requirement of a showing of good cause. M.C.R. 6.508(D).

for his failure to do so. *See* Mich. Cir. Ct. Op. and Order Den. Def.'s Mot. 4/5/93. Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's delayed application for appeal because the petitioner did not establish entitlement to relief under M.C.R. 6.508(D). *See* J.A. at 203–04.

In 1994, petitioner filed a petition for a writ of habeas corpus in the U.S. District Court for the Eastern District of Michigan, claiming as constitutional error most of the same claims raised in his 1992 motion for relief from judgment. Although the magistrate judge recommended that respondent be ordered to answer the petition, *see* J.A. at 98–109 (Magistrate J. R & R), the district judge ruled that because the issues raised in the habeas petition were procedurally defaulted under Michigan law, it could not review petitioner's claims. *See* J.A. at 138–39 (Dist. Ct. Op. and Order). The district court also concluded that petitioner presented no evidence to support his claim of ineffective assistance of counsel. *See* J.A. at 139 (Dist. Ct. Op. and Order); *see also* Petitioner's App. at A–28–29 (Cir. Ct. for County of Wayne Op. and Order (finding that petitioner's appellate counsel withdrew with judicial permission after petitioner had discharged him)). Accordingly, the district court found that petitioner failed to show either cause for the default or likelihood of success on the merits, and dismissed petitioner's habeas petition. *See* J.A. at 139.

## II. ANALYSIS

■ We have jurisdiction to review the dismissal of the habeas petition pursuant to 28 U.S.C. § 2253. Denial of petitioner's habeas petition is subject to de novo review. *See Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994). District court findings of fact are reviewed for clear error.[2] *See id.*

■ Petitioner challenges the constitutionality of his state conviction by seeking

habeas corpus relief pursuant to 28 U.S.C. § 2254. The federal courts will not review a habeas petition where the state prisoner has not first presented his claims to the state courts and exhausted all state court remedies available to him. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). When a habeas corpus petitioner was denied the opportunity to present his claims to the state courts because of procedural default, the federal courts will consider his habeas petition only under limited circumstances. In *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court explained that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750, 111 S.Ct. 2546. For purposes of federal review in habeas cases, we may consider as an adequate and independent state procedural rule only a state procedural rule that was "firmly established and regularly followed by the time as of which it [was] to be applied," in this case during the time when petitioner had a right to a direct appeal. *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991) (quotation omitted); *see also Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir.1992). Because M.C.R. 6.508(D)(3) was not enacted until 1989, long after the time for petitioner's appeal of right, we must first determine whether Michigan's prohibition against collateral attacks of a conviction based upon claims that could have been raised on direct appeal, as incorporated in M.C.R. 6.508(D)(3), was consistently and regularly

---

2. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, § 104, amending 28 U.S.C. § 2254. Because the 1996 amendments do not apply retroactively to cases pending at the date of enactment, they are not applicable to this case. *See Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997) (holding that the new provisions of chapter 153 generally apply only to cases filed

after the Antiterrorism and Effective Death Penalty Act became effective). In cases pending at the date of enactment, the federal courts will apply the former statute's presumption of correctness regarding state court determinations, 28 U.S.C. § 2254(d) (1994), rather than the new standards requiring greater deference to the state courts as provided in the amended statute, 28 U.S.C. A. § 2254(e) (1998).

followed at the time of petitioner's conviction, and if so whether it then constitutes an adequate and independent state procedural rule.[3]

■ The district court held that the state courts' rejection of petitioner's claims under M.C.R. 6.508(D)(3) constituted an adequate and independent state procedural bar because the substance of the rule was "firmly established" at the time of petitioner's conviction. *See* J.A. at 136, 138 (Dist. Ct. Op. and Order). The district court's holding relied primarily on its conclusion that Rule 803 of MICHIGAN GENERAL COURT RULES of 1963 established a procedural bar comparable to M.C.R. 6.508(D)(3). Rule 803.3 stated in pertinent part as follows:

> Delayed Appeal. After expiration of the period for timely appeal, the Court of Appeals may, in its discretion, grant leave to appeal from any order or judgment from which timely appeal would have been available either as of right or by leave, upon showing, supported by affidavit, that there is merit in the grounds for appeal and that the delay was not due to appellant's culpable negligence.

Rule 803, however, is not substantively the same as M.C.R. 6.508(D)(3). By its terms, Rule 803 limits the discretion of the Michigan Court of Appeals to hear delayed appeals, but says nothing about the discretion of *trial* courts to hear motions for new trials or relief from judgment. Moreover, a review of relevant rulemaking history reveals that the modern day successor to Rule 803 is M.C.R. 7.205(F) *("Late Appeal")*, not M.C.R. 6.508(D)(3). *See* MICHIGAN COURT RULES of 1985 Rule 7.205 *("Application for Leave to Appeal")* (1985 Staff Comment). Accordingly, we reject the district court's conclusion that Rule 803 of MICHIGAN GENERAL COURT RULES of 1963 established a procedural bar comparable to M.C.R. 6.508(D)(3).

■ The district court also concluded that Michigan case law demonstrates "Michigan's long established resistance to delayed petitions for post-conviction relief." J.A. at 137 (Dist. Ct. Op. and Order). The district court relied on the admonition of the Michigan Supreme Court in *People v. Barrows*, 358 Mich. 267, 99 N.W.2d 347 (1959), that Michigan "courts do not look with favor on long-delayed motions for new trials." *Id.* at 350. Despite this statement, the supreme court in *Barrows* held that the trial judge should have granted the defendant's delayed motion

---

**3.** This circuit's decision in *Jones v. Toombs*, 125 F.3d 945 (6th Cir.1997), does not resolve the issue of whether M.C.R. 6.508(D)(3) constitutes an adequate and independent state procedural rule barring review of petitioner's habeas petition. In *Jones*, the petitioner was convicted and sentenced in Michigan state court in 1983, several years prior to the promulgation of M.C.R. 6.500 *et seq.* His conviction was affirmed on appeal. In 1990, after the promulgation of M.C.R. 6.500 et seq., he filed a motion for a new trial, which the trial court denied. In 1992, Jones filed a motion for relief from judgment, raising for the first time a due process claim. The trial court denied this motion, and both the Michigan Court of Appeals and the Michigan Supreme Court declined leave to appeal.

In 1993, Jones filed a petition for writ of habeas corpus in federal district court, presenting the claims raised in his 1992 motion for relief from judgment. The district court dismissed the petition, on the grounds that Jones had procedurally defaulted on his due process claim and had failed to show cause for such failure. On appeal, this court affirmed. M.C.R. 6.508(D)(3) prohibits Michigan courts from granting relief where the grounds for relief "could have been raised ... in a prior motion under this subchapter" absent a showing of good cause and actual

prejudice. Because Jones's 1990 motion was a "prior motion under this subchapter" for purposes of M.C.R. 6.508(D)(3), we held that "when the Michigan courts denied the motions brought *after 1990* pursuant to M.C.R. 6.508(D)(3), they were applying a firmly established and regularly followed procedural rule." *Jones*, 125 F.3d at 947 (emphasis added). We thus held that the state courts' dismissal of Jones's federal claims was pursuant to an adequate and independent state procedural rule.

In contrast, in the instant case, petitioner's first motion for "Relief from Judgment" was in actuality merely a request for appellate counsel. *See* Petitioner's 11/27/91 Mot. ("Defendant-appellant requests this honorable court to appoint appellate counsel to review the record and raise the appropriate issues for appellate review of this matter."). A motion or request for relief from judgment "must be in the form of a motion to set aside or modify the judgment," M.C.R. 6.502(A) *("Nature of Motion")*. Petitioner failed to request that the judgment be set aside or modified. Because petitioner's 1991 state court motion cannot fairly be characterized as requesting relief from judgment, his later 1992 state court motion was his first and *only* motion for relief from judgment. This important factual distinction renders the holding of *Jones* inapplicable to the instant case.

for a new trial[4] even though defendant's motion was filed almost ten years after his initial conviction. *See id.* Finally, the district court relied on Judge Bronson's concurring statement in *People v. Tubbs,* 64 Mich. App. 341, 236 N.W.2d 77 (1975), where he explained that "[t]here is good reason for restricting repeated and unlimited availability of appellate review to a criminal defendant." *Id.* at 79. Judge Bronson's statement, however, not only originated from a concurring opinion, but also referred simply to *appellate* review, and not motions for new trials or relief from judgment at the *trial* level. Moreover, despite his comments, Judge Bronson agreed that the defendant in *Tubbs* "should be given a second bite of the appellate apple" because he raised an error cognizable under the law of habeas corpus. *Id.* at 80. The authorities relied upon by the district court thus provide little support for its conclusion that the substance of M.C.R. 6.508(D)(3) was "firmly established and regularly followed" at the time of petitioner's conviction.

Our review of Michigan case law leads us to conclude that the substance of M.C.R. 6.508(D)(3) was not a firmly established and regularly followed procedural rule prior to its adoption. In 1959, the Michigan Supreme Court stated that although "courts do not look with favor on long-delayed motions for new trials[,] . . . [s]uch motions rest within the sound discretion of the court and gener-

ally will not be disturbed unless a clear abuse is shown." *Barrows,* 99 N.W.2d at 350. Subsequent Michigan cases have reasserted the *Barrows* rule. *See, e.g., People v. Curry,* 142 Mich.App. 724, 371 N.W.2d 854, 857 (1985);*People v. Pauli,* 138 Mich.App. 530, 361 N.W.2d 359, 362 (1985); *see also Doster v. Bannan,* 318 F.2d 453, 455 (6th Cir.1963) (" 'Under Michigan law there is no final time limitation upon the power of the trial court to grant a motion for new trial[,]' . . . [and] the granting of long-delayed motions for new trial is within the inherent power of the court where leave to file such a motion is first obtained." (quoting MICH. COURT RULE 47 (1945))). The Michigan Supreme Court itself explained that "[b]efore October 1, 1989 [ (the date M.C.R. 6.508(D)(3) was promulgated) ], the procedure for collateral review of criminal convictions in Michigan did not make any provision for finality of judgments. As a consequence, defendants could, and did, repeatedly seek relief without limitation."*People v. Reed,* 449 Mich. 375, 535 N.W.2d 496, 503 (1995). The supreme court went on to explain that M.C.R. 6.500 et seq. was enacted in order to rectify this situation. *See id.* Accordingly, we hold that the substance of M.C.R. 6.508(D)(3) was not a firmly established and regularly followed procedural rule at the time of petitioner's conviction and thus was not an adequate and independent state procedural rule barring review of petitioner's habeas petition.[5] *Accord Borrie v.*

---

**4.** Barrows's motion for a new trial was based on the trial court's failure to examine the voluntariness of his original guilty plea, an issue that could have been raised on direct appeal.

**5.** Our holding today rejects the reasoning in *Thompson v. Elo,* 919 F.Supp. 1077 (E.D.Mich. 1996), which held that M.C.R. 6.508(D)(3) constitutes an adequate and independent state procedural bar even where convictions and direct appeals predated the rule's promulgation. We find the reasoning of the *Thompson* decision flawed. In concluding that the substance of M.C.R. 6.508(D)(3) was firmly established prior to its promulgation, the district court in *Thompson* first concluded that the petitioner had not alleged that his earlier failure to raise the pending claims on direct appeal stemmed from his belief that he could raise them later on collateral review. *See Thompson,* 919 F.Supp. at 1081. *Ford v. Georgia,* 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991), however, requires no such showing from the petitioner, but simply holds "that only a firmly established and regularly followed state practice may be interposed by a State

to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423–24, 111 S.Ct. 850 (quotation omitted). Second, the district court in *Thompson* distinguished *Ford* on the facts, noting that in *Ford* the Georgia Supreme Court inconsistently applied a procedural rule, whereas Michigan courts "consistently and regularly enforce M.C.R. 6.508(D)." *See Thompson,* 919 F.Supp. at 1081–82. This completely misconstrues *Ford*—the question is not whether the state courts consistently apply the procedural bar in the *present,* but whether they did so at the time of the petitioner's conviction. Finally, the district court noted the important policy interests served by M.C.R. 6.508(D) and the state's "absolute right to enforce its own procedural rules." *Thompson,* 919 F.Supp. at 1082. Although M.C.R. 6.508(D) clearly does serve important state policies, this consideration has nothing to do with whether Michigan followed this rule at the time of petitioner's conviction. Moreover, even if a state has an absolute right to enforce its own procedural rules, the Supreme Court in *Ford* held that the federal courts will not defer to this state interest where the procedural rule was

*Makowski,* 134 F.3d 370 (6th Cir. 1998) (unpublished).

## CONCLUSION

We hold that because the substance of M.C.R. 6.508(D)(3) was not a firmly established and regularly followed rule of the Michigan courts at the time of petitioner's conviction, it does not constitute an adequate and independent state ground barring review of petitioner's habeas petition in federal court. Respondent must therefore respond to petitioner's habeas petition. Accordingly, we **REVERSE** the lower court's order dismissing petitioner's habeas corpus claim. We **REMAND** for further proceedings consistent with this opinion.

not regularly enforced at the time of the petition-