Larry TAYLOR, Petitioner–Appellant,

v.

Carol R. HOWES, Respondent–Appellee.

No. 00–2227.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

*ORDER*

Larry Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1980, a jury convicted Taylor of first degree murder and felony firearm. He was sentenced to life imprisonment for the murder conviction and two years of imprisonment for the felony firearm conviction. After exhausting his available state court remedies, Taylor filed his habeas corpus petition with the district court raising multiple grounds for relief. Upon de novo review of a magistrate judge's report, the district court dismissed the petition.

In his timely appeal, Taylor argues that the district court erred in concluding that his arguments had been procedurally defaulted.

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

This court reviews a district court's legal conclusions in a habeas corpus proceeding de novo and its factual findings for clear error. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

The district court erred in concluding that Taylor's petition is procedurally barred. The magistrate judge stated that all the issues raised in Taylor's petition were raised in his second motion for relief from judgment under M.C.R. 6.500. Therefore, he found the motion was successive and under *Jones v. Toombs,* 125 F.3d 945, 947 (6th Cir.1997), the state court's reliance on the rule to deny relief barred the arguments from federal review. However, as Taylor and the respondent note, Taylor had filed only one M.C.R. 6.500 motion with the state courts of Michigan. Therefore, *Jones* is not applicable.

The respondent asserts that the district court should have dismissed the petition for Taylor's failure to comply with M.C.R. 2.119(A)(2). The rule states:

A motion or response to a motion that presents an issue of law must be accompanied by a brief citing the authority on which it is based. Except as permitted by the court, the combined length of any motion and brief, or of a response and brief, may not exceed 20 pages double spaced, exclusive of attachments and exhibits. Quotations and footnotes may be single-spaced. At least one-inch margins must be used, and printing shall not be smaller than 12–point type. A copy of a motion or response (including brief) filed under this rule must be provided by counsel to the office of the judge hearing the motion. The judge's copy must be clearly marked JUDGE'S COPY on the cover sheet; that notation may be handwritten.

Respondent feels that because Taylor apparently failed to comply with the form requirements of M.C.R. 2.119(A)(2), his arguments should be procedurally barred. In the alternative, the respondent addresses the merits of Taylor's petition and asserts that they are without merit.

Given the district court's erroneous assumption that Taylor's petition was procedurally barred by M.C.R. 6.500, we conclude that the case must be remanded to the district court to allow the district court to re-examine its decision. For this court to address the respondent's M.C.R. 2.119(A)(2) argument, which was first raised on appeal, or to address the merits of Taylor's petition, insulates the district court's decision from normal appellate review. *See Gray–Bey v. United States*, 209 F.3d 986, 989–90 (7th Cir.2000). Taylor is entitled to a decision in the regular course—a decision by the district court, followed by appellate review, and the opportunity to seek Supreme Court review.

It is obvious in this case that the district court erred in concluding that the arguments raised in Taylor's position were procedurally barred under M.C.R. 6.500. As the district court's decision is based on a clear error of fact, we remand the case to the district court so the court may have the opportunity to address the merits of Taylor's petition and respondent's M.C.R. 2.119(A)(2) argument. Rule 34(j)(2)(C), Rules of the Sixth Circuit.