Ladon MOORE, Petitioner–Appellant,

v.

Dennis STRAUB, Respondent–Appellee.

No. 01–2379.

United States Court of Appeals, Sixth Circuit.

May 17, 2002.

Before MARTIN, Chief Circuit Judge; SILER, and CLAY, Circuit Judges.

### ORDER

This is an appeal from a district court judgment denying the relief sought in this

petition for a writ of federal habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Michigan inmate Ladon Moore filed a petition for a writ of habeas corpus in which he challenged the constitutionality of a 1996 conviction for criminal sexual conduct and felonious assault in which Moore was sentenced as a habitual offender fourth degree. The district court appointed counsel for Moore, conducted an evidentiary hearing, and eventually denied the petition in its entirety.

The district court certified ten separate issues, comprising three overarching grounds for relief, for appellate review. This court's review of the judgment on appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides that a federal court may grant a writ of habeas corpus to a person in custody pursuant to a state court judgment only if the state court adjudication of the claim: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An application is not "objectively unreason-

able" merely because the federal court believes it to be erroneous or incorrect. "Rather, that application must also be unreasonable." *Id.* at 411. A district court's decision to deny a § 2254 petition is subject to de novo review, *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998), although the findings of fact are reviewed for clear error. *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir.2001).

Moore was accused of repeated sexual assaults on the twelve-year-old daughter of a friend. The victim and her brother testified in great detail as to Moore's sexual assaults on, and threats of retaliation against, the victim in March of 1996. Their stories were corroborated by the testimony of one of the victim's teachers, by a DNA analysis drawn from bodily fluids found at the crime scene, and by a blood sample taken from Moore. Moore's appointed attorney cross-examined the witnesses for the prosecution, presented some alibi witnesses and advised Moore not to take the stand in his own defense. On the record, Moore acknowledged receipt of this advice as well as his decision not to testify. The prosecution made a vigorous closing argument following the presentation of the evidence and the jury found Moore guilty of the crimes charged. Moore's state court post-conviction attacks on his judgment were unsuccessful and he filed the present § 2254 petition in federal court.

Moore filed his petition for a writ of habeas corpus in which he challenged his conviction on ten claims that may be grouped into three main grounds for relief. First, Moore claimed that prejudicial DNA results were improperly admitted into evidence against him without the prosecution having first established that the sample had been collected and handled in an accepted scientific and legal manner. In addition, Moore contended that his trial was tainted by prosecutorial misconduct. Fi-

nally, Moore set forth several instances of alleged ineffective representation of trial and appellate counsel. The district court conducted an evidentiary hearing on the ineffective counsel claims and ultimately ruled against Moore on every issue. The district court certified ten separate issues for appellate review.

Upon consideration, we find no merit in any of Moore's certified claims. The district court's judgment therefore will be affirmed for the reasons set forth in the exhaustive opinion entered in that court on August 31, 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.