**John H. NUNNALLY, Petitioner–Appellant,**

v.

**Terry PITCHER, Respondent–Appellee.**

No. 01–2345.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

John H. Nunnally, a pro se Michigan prisoner, appeals the district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1985, a jury convicted Nunnally of first-degree murder, armed robbery, and

felony firearm. The court sentenced him to life in prison without possibility of parole. The Michigan Court of Appeals affirmed the convictions and sentence in 1987, and Nunnally did not seek review by the Michigan Supreme Court. In 1996, Nunnally filed a motion for relief from judgment under Michigan Court Rule (MCR) 6.508. The trial court denied the motion, and both the Michigan Court of Appeals and the Michigan Supreme Court affirmed that decision.

Nunnally filed his federal habeas petition in February 2000, raising four claims. The magistrate judge recommended denying the petition on the basis of procedural default. The district court adopted the magistrate judge's report and recommendation over Nunnally's objections, denied the petition, and denied a certificate of appealability. In an order entered May 1, 2002, this court granted a certificate of appealability on the following issue: whether the doctrine of procedural default precludes federal habeas review of the claims Nunnally presented in his motion for relief from judgment filed pursuant to MCR 6.500, et seq.

In his appeal, Nunnally argues that his claims are not procedurally barred because MCR 6.508 was not a firmly established rule when he was convicted. The Respondent–Appellee agrees, and has filed a motion to remand the case to the district court with instruction to consider the merits of Nunnally's claims.

This court reviews the dismissal of a habeas corpus petition de novo. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998). Upon review, we conclude that the district court improperly held that the doctrine of procedural default bars review of Nunnally's claims. For convictions imposed after the enactment of MCR 6.508, an order from the Michigan appellate courts reciting that the petitioner had not shown he was entitled to relief under MCR 6.508(D) constitutes a procedural bar to subsequent federal review. *Simpson v. Jones*, 238 F.3d 399, 407–08 (6th Cir.2000). However, MCR 6.508 does not bar review of a habeas corpus petition filed by a Michigan prisoner who seeks to challenge a conviction obtained prior to the rule's enactment. *Rogers*, 144 F.3d at 992. Nunnally was convicted in 1985, and MCR 6.508 was adopted in 1989. Thus, the rule cannot serve as an adequate and independent ground to bar review of Nunnally's claims. The state has conceded this point.

For the foregoing reasons, we grant the Respondent–Appellee's motion, and vacate and remand the district court's order for consideration of the merits of Nunnally's claims. Rule 34(j)(2)(C), Rules of the Sixth Circuit.