**Jimmy Lee BIRD, Petitioner–Appellant,**

v.

**Cynthia HURST, et al., Respondents–Appellees.**

No. 02–3925.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2004.

Cole, Circuit Judge, filed a dissenting opinion.

Siobhan R. Clovis, Columbus, OH, for Petitioner–Appellant.

Bruce D. Horrigan, Cleveland, OH, for Respondent–Appellee.

Before: NORRIS, BATCHELDER and COLE, Circuit Judges.

BATCHELDER, Circuit Judge.

Petitioner-appellant Jimmy Lee Bird appeals the district court's order denying his petition for a writ of habeas corpus on grounds of ineffective assistance of trial counsel. Because we find that Bird's ineffective assistance claim was procedurally defaulted in the state courts, and Bird has failed to demonstrate cause and prejudice regarding the default, we will **AFFIRM** the judgment of the district court.

## I.

Jimmy Lee Bird was arrested by Columbus, Ohio, police officers for disorderly conduct. Bird, who had advised the officers that he was HIV-positive, became belligerent while in the custody of the officers and spat in the face of one of them. Bird was indicted on one count of felonious assault in violation of Ohio Rev.Code § 2903.11, for "knowingly caus[ing] or attempt[ing] to cause physical harm to [a police] officer [ ] by means of a deadly weapon, to wit: spit and/or saliva."

While Bird was in jail awaiting trial, he was transported to the Franklin County Courthouse for an unscheduled appearance. A deputy sheriff approached Bird in the holding cell in which he was confined and asked him to sign a waiver of his speedy trial rights. Bird claims that he first refused to sign the waiver in the absence of counsel, but later agreed to and did sign the waiver when the deputy returned to the holding cell and informed him that the trial judge was requiring Bird's signature. Bird's court-appointed attorney was not informed that Bird had executed a waiver of his speedy trial rights.

Ohio law requires that an incarcerated defendant must be brought to trial within 90 days of his arrest. Ohio Rev.Code § 2945.71(C)(2), (E). At a plea hearing held 97 days after his arrest, Bird pled no contest to the felonious assault charge. His counsel, who was present at the plea hearing and was by then aware of the speedy trial waiver, neither questioned the circumstances of its execution nor objected that his client had been held for more than 90 days. Bird was sentenced to three-to-fifteen years' imprisonment.

More than two years after he entered his plea, Bird filed a motion for leave to file a delayed appeal before the Ohio Court of Appeals. The motion was granted, and through newly-appointed counsel, Bird argued on appeal that the evidence presented at trial did not establish all of the elements of the offense; that the indictment did not state an offense; and that he had been deprived of effective assistance of counsel because counsel had failed to object to the faulty indictment and had failed to raise the defense that saliva was not a deadly weapon. The court of appeals affirmed the judgment of conviction and sentence. *State v. Bird*, 1996 WL 751467, 1996 Ohio App. LEXIS 5933 (Ohio Ct.App. Dec. 31, 1996). Bird then appealed to the Ohio Supreme Court, which affirmed the judgment, *State of Ohio v. Bird*, 81 Ohio St.3d 582, 692 N.E.2d 1013 (Ohio 1998), and later denied Bird's motion for reconsideration.

While his direct appeal was pending, Bird filed a pro se petition for post-conviction relief in the state trial court. While the post-conviction petition was pending, Bird filed a pro se habeas corpus petition in the federal court, claiming that his conviction was in violation of his rights to due process and the effective assistance of counsel. The federal district court dismissed the habeas petition because Bird had not exhausted his claims in the state courts.

Bird then filed a second federal habeas petition, while his state post-conviction petition was still pending before the state courts. The district court terminated the habeas case administratively. After the state trial court dismissed Bird's post-conviction petition as untimely, the court of appeals affirmed, and the Ohio Supreme Court dismissed the subsequent appeal as not involving any substantial constitutional question, the federal district court reactivated the second habeas petition. In that second habeas petition, Bird claimed that his trial counsel was ineffective for failing to assert Bird's right to a speedy trial and for failing to withdraw Bird's no contest plea when it became apparent that Bird would be incarcerated; that Bird was denied due process because he pled no contest to charges that did not constitute a crime; and that he was denied due process in his state post-conviction proceedings. In particular, Bird argued that his state post-conviction petition had been timely filed, and that the state courts' application of the statute of limitations was unfair because the courts' interpretation of the statute was unforeseeable.

The district court denied the second habeas petition, finding that the issues Bird raised had been procedurally defaulted in the state courts. Bird now argues on appeal that his trial counsel was ineffective for failing to assert Bird's right to a speedy trial, and that the district court erred in finding that his ineffective assistance claim was procedurally defaulted.

## II.

We review de novo a district court's denial of a writ of habeas corpus. *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir.1996). Because Bird filed his first habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of 28 U.S.C. § 2254 as amended by AEDPA govern this case. An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) (same). Rather, the application itself must also be unreasonable. *Williams*, 529 U.S. at 411. State court findings of fact are presumed correct and are rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner Jimmy Lee Bird argues that his ineffective assistance claim was not procedurally defaulted. But for the state

courts' unforeseeably interpreting the post-conviction limitations period to bar his post-conviction petition, he contends, the petition would have been considered timely. We require a four-part analysis when a state alleges that a habeas claim is precluded by procedural default. The court must determine: (1) whether there is a state procedural rule applicable to the claim raised by petitioner and with which petitioner actually failed to comply; (2) whether the state courts actually enforced that state procedural rule; (3) whether the petitioner's failure to comply with the state procedural rule is an "adequate and independent" state ground that the state is entitled to rely on in order to foreclose review of a federal constitutional claim; and (4) whether the petitioner has demonstrated cause for his failure to follow the state procedural rule and actual prejudice as a result of the alleged constitutional error. See Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986).

The district court did not err in finding that Ohio Rev.Code § 2953.21 is a procedural rule applicable to petitioner's claim, and that petitioner failed to comply with that rule by failing to file his post-conviction petition within the time provided. Neither Bird nor the State has argued that the state courts actually failed to enforce the statute of limitations. Although Bird is correct in pointing out that the Ohio Supreme Court has not expressly interpreted the limitations period contained in Ohio Rev.Code § 2953.21, it does not follow that the statute is unclear and not regularly followed. The statutory language. is—as the district court stated in its opinion and order—clear and unambiguous. "If no [direct] appeal is taken ... the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Ohio Rev. Code § 2953.21(A)(2). Here, the petitioner did not file a direct appeal.

Although only a minority of state appellate courts have addressed this topic, each has found that a delayed appeal does not toll the time for filing a motion for post-conviction relief. To the contrary, the courts have consistently held that a defendant must file his petition within 180 days after the time for filing a direct appeal expires pursuant to Ohio App. R. 4(A). See State v. Price, 1998 WL 680964, Franklin App. No. 98AP–80 (Sept. 29, 1998) (unreported); State v. Johnson, 1999 WL 254456, Muskingum App. No. CT98–0029 (Apr. 21, 1999) (unreported); State v. Fields, 136 Ohio App.3d 393, 736 N.E.2d 933 (Ohio App. 8th Dist.1999).

■■■■ Bird appears to assert that the decisions of three appellate districts are insufficient to support a finding that the rule is firmly established or regularly followed. According to Bird, moreover, "the law seemed clear that he was filing it timely." He fails, however, to cite to any Ohio decision that adopts his proposed interpretation of Ohio Rev.Code § 2953.21. That fact, taken together with the clear meaning of the statute, supports a finding that the rule was applied in a way that Bird could have anticipated. He was thus provided a reasonable opportunity for state court review of his claims. The district court correctly found that the statute of limitations of Ohio Rev.Code § 2953.21 is firmly established and regularly followed by the state courts, and is therefore an adequate basis upon which the state courts could deny relief.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To demonstrate "cause" a petitioner must show that an "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). To demonstrate "prejudice" a petitioner must show a disadvantage "infecting" the trial with constitutional error. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Bird relies on his contention that the state courts imposed an unreasonable interpretation of the limitations period to demonstrate cause for his default. Because the state courts' interpretation was not unreasonable, Bird cannot show cause for his default.

■ It is worth noting, moreover, that Bird was appointed an attorney for his appeal in June 1996. The bill that first established the limitations period in Ohio Rev.Code § 2953.21, S.B. 4, took effect on September 21, 1995, and gave petitioner and similarly situated defendants a one-year grace period in which to file post-conviction petitions. Bird therefore had until September 21, 1996, to timely file his post-conviction petition, giving him several months to do so once he was granted leave to file a delayed appeal and counsel was appointed. There was no failure by the trial court to explain petitioner's right to appeal which would constitute cause to excuse petitioner's default. Bird has not established cause sufficient to excuse his procedural default. Because Bird has wholly failed to demonstrate cause, we need not determine whether he can show prejudice as a result of the allegedly ineffective performance of his trial counsel. *See Carrier*, 477 U.S. at 496 (reiterating

that "cause" and "prejudice" are in the conjunctive, and petitioner must demonstrate both).

■ Before the district court, Bird argued for the first time that, pursuant to *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), his trial counsel was ineffective for failing to pursue a claim for violation of Bird's right to counsel at an allegedly "critical stage" of the proceedings, namely, when he was "instructed" by the state trial judge to sign a speedy trial waiver. The Supreme Court held in *Cronic* that a defendant must be afforded counsel at all critical stages of a trial. *Id.* at 659. This claim is likewise procedurally defaulted.

■ As we have already explained, where a defendant procedurally defaults a claim by failing to raise it in the state courts, the defendant may raise the claim in habeas only if the defendant can first demonstrate cause for the default and actual prejudice. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir.2003); *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir.2003); *Maupin*, 785 F.2d at 138. There is, however, some support for the assertion that a defendant need not establish actual prejudice when attempting to raise a procedurally defaulted *Cronic* claim in habeas. When reviewing the merits of *Cronic* claims, as opposed to the procedural default of those claims, both the Supreme Court and this Court have held that "[a] criminal conviction must be set aside [ ] even without the showing of any actual [*Strickland*] prejudice, 'if the accused is denied counsel at a critical stage of his trial.'" *Hudson*, 351 F.3d at 216 (citing *Cronic*, 466 U.S. at 659 (1984)); *see generally Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This precedent does not, however, dispense with the requirement that peti-

tioner demonstrate "cause," and Bird does not and cannot show any reason for the failure of the counsel appointed to represent him in his delayed appeal to raise the issue of ineffective assistance of trial counsel under the theory that trial counsel should have raised a *Cronic* claim. *See Carrier*, 477 U.S. at 488. Since Bird's *Cronic* claim is clearly defaulted, and since he cannot show cause for that default, this court need not address the merits of Bird's *Cronic* claim.

Bird also argues that, even if he cannot show both cause and prejudice, his procedural default should be excused because this Court's "failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A "miscarriage of justice" exists only if the record is "devoid of evidence pointing to guilt." *United States v. Price*, 134 F.3d 340, 350 (6th Cir.1998). The exception therefore applies only where there is a colorable claim of factual innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

■ Bird contends that he is actually innocent, that is, that he did not commit felonious assault when he spat on the police officer. The central thrust of Bird's argument is that expert testimony would have proven that his saliva could not transfer the HIV virus, and that the state therefore could not have proven assault with a deadly weapon. "No reasonable juror," he posits, "would have found Mr. Bird guilty of felonious assault. Mr. Bird's saliva was not a deadly weapon and expert scientific evidence would have proved that." The state, of course, disagrees with this contention, and maintains that there is some dispute between health care professionals as to whether or not HIV can be spread through salivary transmission. Whether HIV-infected saliva is capable of inflicting death or whether Bird intended to use his saliva as a weapon were issues of fact for the jury. The jury would not have been bound to accept any expert testimony put forward on behalf of petitioner. This Court—like the district court below—therefore cannot say that no reasonable juror would have convicted petitioner. Bird has therefore failed to present a credible claim of actual innocence sufficient to excuse his procedural default. *See Schlup v. Delo*, 513 U.S.· 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

COLE, Circuit Judge, dissenting.

Because the majority opinion erroneously concludes that Bird's ineffective assistance of counsel claim is procedurally barred, I respectfully dissent.

The majority today has held that Bird's state post-conviction petition was not timely filed. At issue is Ohio's limitations period for filing a petition for post-conviction relief. O.R.C. § 2953.21(A)(2) states that:

A [post-conviction] petition ... shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication.... If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

Prisoners—such as Bird—who were sentenced prior to September 21, 1995, were also subject to Am.Sub.S.B.4, Section 3, which states:

A person who seeks post-conviction relief ... with respect to a case in which sentence was imposed prior to the effective date of this act ... shall file a petition within the time required in [O.R.C. 2953.21(A)(2) ], as amended by this act, or within one year from the

effective date of the act [September 21, 1995], whichever is later.

Thus O.R.C. § 2953.21(A)(2), when read in concert with Am.Sub.S.B.4, Section 3, prescribed the following for Bird's case: (1) If a direct appeal was filed, the post-conviction petition must have been filed within 180 days after the date on which the trial transcript is filed in the courts of appeals; (2) if no direct appeal was filed, the post-conviction petition must have been filed by September 21, 1996. Bird contends that, because he filed a delayed direct appeal with the permission of the state court, he falls into the first category, and that he properly filed his post-conviction petition within 180 days after the date on which the trial transcript was filed with the court of appeals. (The transcript was filed on August 19, 1996 and Bird filed his post-conviction petition on December 17, 1996). However, the state court ruled that the time for filing a petition for post-conviction relief does not begin to run from the time the trial transcript is filed in a case, such as Bird's, where a delayed direct appeal has been taken, but that instead, in such cases, the deadline for filing a post-conviction petition is thirty days after the time for filing a timely direct appeal expires, or by September 21, 1996, whichever is later. As the majority does today, the state court relied on *State v. Price*, 1998 WL 680964, Franklin App. No. 98AP–80 (Sept. 29, 1998) (unreported), where an Ohio appeals court held, for the first time, that for prisoners who file a delayed direct appeal, the time for filing a post-conviction petition does not begin to run from the time the trial transcript is filed, but rather, upon expiration of the thirty-day period for filing a timely direct appeal as provided in Ohio App. R. 4(A). As such, the majority today concludes that Bird should have filed his post-conviction appeal by September 21, 1996—and that therefore, his December 1996 petition was untimely.

I disagree with the majority's conclusion that *Price's* interpretation of O.R.C. § 2952.21(A)(2) and Am.Sub.S.B.4 was a firmly established procedural rule at the time of Bird's conviction and post-conviction proceedings. A state procedural bar can operate as an "independent and adequate" state ground for barring federal habeas review only if that rule is "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991); *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998). In *Ford*, the United States Supreme Court held that a Georgia Supreme Court ruling requiring *Batson* claims to be raised in the period between jurors' selection and the administration of their oaths was not firmly established and regularly followed at the time of the petitioner's trial and appeal and that, therefore, it was not an independent and adequate state procedure that could bar federal habeas review of the *Batson* claim. The Supreme Court emphasized that a litigant cannot be penalized for failing to adhere to a procedural rule that was neither in existence nor foreseeable at the time of the action in question. *Ford*, 498 U.S. at 423. ("Novelty in procedural requirements cannot be permitted to thwart [federal] review ... applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights.") (quoting *NAACP v. Alabama*, 357 U.S. 449, 457–58, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958)). Similarly, this Circuit has found that only firmly established state procedural rules will bar federal habeas review, and this Court has refused to preclude habeas review where a petitioner was not reasonably apprised of the procedural rule ultimately used against him. *See Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992).

Bird's case fits squarely within the reasoning applied in *Ford* and *Warner*. That

482

Bird failed to file his post-conviction petition by September 21, 1996, but instead filed it within 180 days of the filing of his trial transcript in the court of appeals, does not preclude federal review of his ineffective assistance of counsel claim. The majority's conclusion otherwise strains principles of both logic and fairness. The earliest Ohio appellate case to declare that a delayed direct appeal was not a "direct appeal" within the meaning of O.R.C. § 2953.21(A)(2)—*State v. Price*—was decided on September 29, 1998, over four years after Bird's conviction and two years after Bird should have filed his post-conviction petition pursuant to *Price's* interpretation of the statute. Prior to 1998, however, there is no Ohio case stating that a prisoner who had filed a *delayed* direct appeal was subject to the "[i]f no appeal is taken" provision of O.R.C. § 2953.21(A)(2). Although the *Price* interpretation of the limitations period in O.R.C. § 2953.21(A)(2) may be established now, it was not firmly established at the time Bird should have filed his post-conviction petition in 1996. Moreover, *Price's* interpretation was not reasonably foreseeable to Bird or any other reasonable individual relying on the plain language of the statute. First, the statute makes no distinction between timely and delayed direct appeals. Second, in every other context under Ohio law, a delayed direct appeal is considered a direct appeal. *See* Ohio R.App. P.5(E) ("If ... leave to appeal is granted, the further proceedings shall be the same as for appeals as of right in criminal cases...."); *Ohio v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246, 1249 (Ohio 1995) (explicitly recognizing that a delayed appeal is a direct appeal); *Ohio v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (Ohio 1981) ("No direct appeal was taken, either as a matter of right or as a delayed appeal.").

In sum, there is no way that Bird, in 1996, could have been deemed to have been apprised of the interpretation of the limitations period that would issue in *Price* in 1998. In 1996, Bird reasonably concluded that he was subject to O.R.C. § 2953.21(A)(2)'s limitations period relating to defendants who had filed direct appeals and that, therefore, he had up to 180 days after the filing of his trial transcript to file his petition for post-conviction relief. Because the state procedural rule first set forth in *Price* was not "firmly established and regularly followed" at the time of Bird's petition for post-conviction relief, the rule cannot serve as an independent and adequate state ground barring federal review of Bird's ineffective assistance of counsel claim. Therefore, I dissent, and I would reverse the judgment of the district court with respect to Bird's ineffective assistance claim and remand to the district court for consideration of Bird's claim.