miscarriage of justice" is shown. *See Coleman*, 501 U.S. at 750. Luberda does not attempt to establish that either exception is applicable and, after having reviewed the record, we conclude that he cannot. Thus, we hold that we do not have jurisdiction to entertain Luberda's appeal and that his appeal must be dismissed.

### IV.

For the foregoing reasons, the district court order dismissing Luberda's petition is **AFFIRMED**.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0162P (6th Cir.)
File Name: 00a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

GILBERT LUBERDA,
    *Petitioner-Appellant,*

    *v.*                                    No. 98-1959

DAVID TRIPPETT, Warden,
Thumb Correctional Facility,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-71758—Lawrence P. Zatkoff, Chief District Judge.

Argued: January 26, 2000

Decided and Filed: May 10, 2000

Before: GUY, RYAN, and BOGGS, Circuit Judges.

---

### COUNSEL

**ARGUED:** Stuart G. Friedman, Ann Arbor, Michigan, for Appellant. Laura Graves Moody, OFFICE OF THE ATTORNEY GENERAL, HABEAS CORPUS DIVISION, Lansing, Michigan, for Appellee. **ON BRIEF:** Stuart G. Friedman, Ann Arbor, Michigan, for Appellant. Laura Graves Moody, Vincent J. Leone, OFFICE OF THE

ATTORNEY GENERAL, HABEAS CORPUS DIVISION, Lansing, Michigan, for Appellee.

———————————

**OPINION**

———————————

RYAN, Circuit Judge.   This appeal raises the question whether a federal habeas petitioner's disregard of a Michigan rule of appellate procedure, enacted after the petitioner's state conviction but before the submission of his case to the Michigan Court of Appeals, may operate as an "adequate and independent state procedural bar" to preclude federal habeas review.  We think it may and we will affirm.

The district court order dismissed petitioner Gilbert Luberda's habeas corpus petition, which attacked the validity of his Michigan conviction for rape and kidnapping.  In a single-judge order, this court issued a certificate of appealability of the district court's order, certifying four issues for review.  Respondent David Trippett, Luberda's Michigan jailer, argues that this court may not address the four issues certified because the Michigan courts disposed of these same claims on state procedural grounds in a collateral attack upon the conviction.   We conclude that the respondent's argument is well-taken and, consequently, lacking jurisdiction to review the merits of the petitioner's claims, we will dismiss the appeal.

## I.

It is unnecessary to repeat the grim details of Luberda's crimes.  Rather, all that need be said here is that Luberda was convicted in Michigan in 1988 of the brutal kidnapping and rape of a Michigan woman.

In March 1989, the petitioner filed his direct appeal to the Michigan Court of Appeals, which raised none of the constitutional challenges that are asserted here.  Several months later, in October 1989, the Michigan legislature

a defendant, represented by competent counsel, would decline to assert on direct appeal several potentially meritorious federal constitutional objections to his conviction on the theory that they might be brought later in a state habeas proceeding.   We, therefore, think the dire consequences predicted by Luberda to arise without the "date of conviction" rule are illusory.

We decline, moreover, to adopt any *per se* approach for pinpointing when M.C.R. 6.508(D) became "firmly established" with respect to all habeas petitioners.   That decision should be made based upon the facts of each case and the type of procedural rule involved.  The federal courts must decide on a case-by-case basis whether, during the period that a defendant may, if he wishes, tailor his appeal to avoid the consequences of a state procedural rule, the "defendant . . . could . . . be 'deemed to have been apprised of [the procedural rule's] existence.'"  *See Ford*, 498 U.S. at 423.   Here, indulging the fiction that knowledge of the Michigan rule's adoption would have somehow changed the substance of Luberda's direct appeal, there is no reason why after the enactment of M.C.R. 6.508 in October 1989, Luberda could not have requested permission to add the constitutional arguments raised in the present petition prior to the submission of his direct appeal in November 1990.  There was a period of 13 months in which he might have done so.  Given these facts, the Michigan Court of Appeals had no trouble concluding that Luberda was bound by the requirements of M.C.R. 6.508(D), and we find no federal constitutional ground to gainsay that court.  Consequently, we do not pause in concluding that M.C.R. 6.508(D)(3) was a "firmly established" procedural rule for the purposes of Luberda's case.

## III.

Given that the Michigan courts denied the constitutional objections raised here on an "adequate and independent" state ground, we are without jurisdiction to review Luberda's claims unless "cause" and "prejudice" or a "fundamental

language in *Rogers* could be interpreted as supporting Luberda's position, this support dissipates once *Rogers* is read in context. In *Rogers*, the petitioner was found guilty of first-degree murder in 1965. Although appellate counsel had been appointed for him, the petitioner never appealed his conviction. In 1991, the petitioner filed a motion for relief from judgment, which the Michigan Circuit Court denied pursuant to M.C.R. 6.508(D)(3). *See Rogers*, 144 F.3d at 991. Given that M.C.R. 6.508 was enacted 25 years after the petitioner's conviction and apparently significantly changed post-conviction practice in Michigan, this court declined to impute constructive awareness of the Michigan rule to the petitioner "when [he] had a right to a direct appeal" and, consequently, held that review of the habeas petition was permissible. *See id.* at 992. Thus, in *Rogers*, there was no particular need to pinpoint a date relevant in assessing when a petitioner "could have been deemed apprised of" the effects of M.C.R. 6.508 and, therefore, even if the *Rogers* panel did express an inclination towards the adoption of a "date of conviction" rule, which is unlikely, such musings would be unnecessary *dicta*.

More fundamentally, a "date of conviction" rule, first, leads to absurd results and, second, rests on a shaky theoretical foundation. The first objection is easily illustrated with a question: should the federal courts assume jurisdiction over the habeas petition of a Michigan defendant convicted on September 30, 1989, the day before the enactment of M.C.R. 6.508, while rejecting the petition of the defendant convicted on October 1, 1989, because of an awkward fiction that the September 30 defendant would be deemed not to have been aware of the effects of the Michigan rule? The answer, we think, is self evident.

As to the questionable theoretical foundation for Luberda's proposed "date of conviction" rule, it asks too much of this court to accept Luberda's contention that he relied upon pre-M.C.R. 6.508 procedure when composing his appeal. Upon entry of his judgment of conviction and sentence, Luberda was facing life in prison. We do not think it very likely that

enacted Michigan Court Rule 6.508, which states in relevant part:

> The defendant has the burden of establishing entitlement to the relief requested [in a collateral attack on a conviction]. The court may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which *could have been raised on appeal* from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates [cause and actual prejudice.]

M.C.R. 6.508(D)(3)(1989) (emphasis added). The petitioner's direct appeal, although filed in March 1989, was not actually submitted to the Michigan Court of Appeals until November 1990 and, aside from a remand for the sole purpose of resentencing, was denied in 1991. In 1994, Luberda, in reliance upon M.C.R. 6.508, filed a motion for relief from judgment in the Michigan courts raising the same constitutional objections that are asserted here, as well as some others. After a trial court disposed of Luberda's motion on an alternative ground, the Michigan Court of Appeals affirmed, ruling that "[Luberda had] failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." Paraphrasing, that court held that it would not consider Luberda's constitutional objections because he failed to show any factor that prevented him from raising those arguments in his direct appeal as required by M.C.R. 6.508(D).

Unsuccessful in the Michigan court system, Luberda filed a habeas petition in federal court in April 1997. The case was assigned to a magistrate judge, who ruled initially that the petitioner had procedurally defaulted on his constitutional claims in the state court and, consequently, recommended dismissal. The magistrate judge later retracted this recommendation, however, based upon the conclusion that a decision of this court, *Rogers v. Howes*, 144 F.3d 990 (6th Cir. 1998), held that M.C.R. 6.508(D) could *never* constitute an "adequate and independent" state procedural bar if applied to a defendant convicted prior to the enactment of that rule.

The magistrate judge then proceeded to analyze each of Luberda's allegations of constitutional violations on the merits, but still concluded that relief was not warranted. The district court adopted the magistrate judge's findings and recommendations and, accordingly, dismissed Luberda's petition.

The petitioner then filed a notice of appeal from the district court order, which this court construed as an application for a Certificate of Appealability. This court then granted Luberda's request for an appeal, certifying four issues: (1) whether the admission of the former testimony of two witnesses against Luberda's codefendant violated Luberda's Confrontation Clause rights; (2) whether certain comments in the prosecution's opening statement rendered Luberda's trial "fundamentally unfair"; (3) whether Luberda's trial counsel provided ineffective assistance; and (4) whether the cumulative effect of the preceding issues certified denied Luberda due process of law. This appeal followed.

## II.

In determining our own jurisdiction in a habeas appeal, we, of course, review *de novo* the question whether a state court, which held that a state procedural rule precluded consideration of a defendant's request for relief, did so on an "adequate and independent" state ground. *See Rogers*, 144 F.3d at 992.

As a general rule, the federal courts do not have jurisdiction to act upon a habeas petition which raises claims previously denied by a state court, if that court relied on an "adequate and independent" procedural bar to reach its decision. *See id.* This general rule gives way, however, if the habeas petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Whether the application of a state procedural rule constitutes an "adequate" ground for disposing of a constitutional claim depends, in part, on the timeliness of the state's implementation of the procedural rule. The Supreme Court has held that "only a 'firmly established and regularly followed state practice' may be interposed by a State" to preclude subsequent federal habeas review. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (citations omitted). The critical inquiry in assessing how "firmly" a state procedural rule has been established is whether, viewed from the time of a defendant's later-significant actions or inaction, the "defendant . . . could . . . be 'deemed to have been apprised of [the procedural rule's] existence.'" *Id.* at 423 (citation omitted). In *Rogers*, a case where this court had occasion to analyze whether a Michigan prisoner, convicted approximately 25 years before the enactment of M.C.R. 6.508, "could be 'deemed to have been apprised'" of the Michigan rule, we stated that M.C.R. 6.508 should be considered "firmly established" if the rule was effective "when petitioner had a right to a direct appeal." *See Rogers*, 144 F.3d at 992.

Luberda argues that, in *Rogers*, this court intimated that the dismissal of a collateral attack on a Michigan prisoner's conviction pursuant to M.C.R. 6.508(D) could never constitute a "'firmly established . . . state practice'" if the prisoner was convicted prior to the enactment of the Michigan rule. Indeed, the magistrate judge agreed with this interpretation of *Rogers*. Luberda urges us to definitively adopt this "date of conviction" rule and, as he was convicted prior to the enactment of M.C.R. 6.508, therefore, reach the merits of his claims. To do otherwise, he argues, would work a substantial injustice on defendants who, immediately after their conviction, made the strategic choice to reserve constitutional objections for later collateral attacks in reliance upon pre-M.C.R. 6.508(D) practice.

We are not persuaded by Luberda's argument that *Rogers* mandates a "date of conviction" rule and we think the magistrate judge mistakenly subscribed to it. While some