Rodger Wayne **RIEMERSMA**, Petitioner–Appellant,

v.

Kurt **JONES**, Respondent–Appellee.

No. 99–1833.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2001.

Before BATCHELDER, COLE, and GIBSON,* Circuit Judges.

GIBSON, Circuit Judge.

Rodger Riemersma appeals from the district court's judgment and order denying his petition for habeas corpus filed under 28 U.S.C. § 2254 (1994 & Supp. IV 1998). In his petition, Riemersma alleged he was denied the right to appeal an assault conviction and his appellate counsel was ineffective. The district court held that Riemersma was procedurally barred from raising the issues because a Michigan state court had appropriately rejected these claims pursuant to Mich. Ct. R. 6.502(G)(1), which requires trial courts to return, without filing, certain successive motions for relief from judgment. On appeal, Riemersma argues that the state procedural bar is inapplicable because Mich. Ct. R. 6.502(G)(1) was enacted in 1995, two years after he filed his earlier motion requesting relief from judgment for the assault conviction. We are persuaded that this rule was not "firmly established" when it was applied to Riemersma's motion, and so we reverse and remand to the district court for further consideration of his petition.

On July 24, 1986, following a trial on consolidated charges, a jury convicted Riemersma of related drug and theft offenses and of being a habitual offender. These charges were filed under three separate docket numbers in the trial court: 86–12184, 86–12185, and 86–12195. In a separate trial held on August 26, 1986, a jury convicted Riemersma of assault of a jail employee for throwing a cup of liquid on a deputy, an incident which occurred while Riemersma was being held in a segregation cell pending trial on the consolidated charges. The assault case, which forms the basis of Riemersma's habeas petition, was docketed as number 86–12270.

Riemersma was sentenced on September 2, 1986 on all of these charges, and all four docket numbers were recited in the record. Riemersma was sentenced to several concurrent terms for the earlier convictions, the lengthiest being fifteen to thirty years of imprisonment. For the assault conviction, he was sentenced to a one-to four-year term, to run consecutively to his other sentences.

On direct appeal, Riemersma raised several issues related to his July 24, 1986 convictions. *People v. Riemersma,* No.

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

97035 (Mich.Ct.App. Oct. 31, 1988) (per curiam). Although Riemersma did not allege error in the assault trial, his notice of appeal included all four docket numbers. The Michigan Court of Appeals stated in its opinion affirming his July 24, 1986 convictions, however, that the assault conviction was "a matter not at issue in [Riemersma's] appeal." Slip op. at 1.

In July 1993, Riemersma moved for relief from judgment pursuant to Mich. Ct. R. 6.502, alleging errors related to his theft and habitual offender convictions. Again, the docket number for his assault conviction was listed on the motion even though Riemersma did not make any arguments related to that case. The trial court denied the motion on August 31, 1993. The Michigan Court of Appeals and Michigan Supreme Court denied Riemersma leave to appeal.

In 1995, the Michigan Supreme Court amended Mich. Ct. R. 6.502. The amendment bars defendants from filing more than one motion for relief from judgment with regard to a conviction except for motions based on retroactive changes in the law or newly discovered evidence, and it requires courts to return, without filing, any successive motions made after the rule's August 1, 1995 effective date. *See* Mich. Ct. R. 6.502(G)(1) & (2). Before this amendment was promulgated, Mich. Ct. R. 6.502 placed no limit on the number of successive motions for relief from judgment a defendant could file.

In 1997, Riemersma attempted to file another motion for relief from judgment, this time attacking his assault conviction.[1] He argued that he was denied an appeal of his assault conviction and that his appel-

late counsel was ineffective. Pursuant to the amended court rule, the trial judge directed the court clerk to refuse to file this motion. In a letter dated March 12, 1997, the trial judge responded to Riemersma's letter inquiring why the clerk's office had rejected his latest motion:

> You will note that your "motion for relief from judgment" includes file number 86–12270–FH [the assault case docket number] as does my August 31, 1993, Opinion as does the Court of Appeals and Supreme Court Orders denying leave for appeal.
>
> These documents were and continue to be the basis for my direction to the Clerk to return your most recent "motion for relief from judgment" pursuant to MCR 5.502(G)(1) [sic].

Riemersma sought leave to appeal the trial court's refusal to file his motion. The Michigan Court of Appeals dismissed for lack of jurisdiction, concluding that the trial court's letter was not an appealable order or judgment. *People v. Riemersma*, No. 202331 (Mich.Ct.App. Sept. 18, 1997).

Riemersma then filed the instant petition for writ of habeas corpus, arguing his constitutional rights were denied when "a clerical error" denied him the right to appeal or, alternatively, that his counsel was ineffective for overlooking the consolidation of the various convictions and for failing to file a brief with respect to the assault conviction.

Without addressing the merits of Riemersma's petition, the district court concluded that it was procedurally barred. *Riemersma v. Jones*, No. 97–CV–75260–DT (E.D. Mich. June 18, 1999). The court held that the state courts' decisions were

---

1. In January 1996, Riemersma filed a second motion for relief from judgment that did not pertain to his assault case. It alleged that two prior misdemeanor convictions were erroneously included in his pre-sentence report for his theft convictions. The trial court de-

nied the motion on May 22, 1996, and the Michigan Court of Appeals and Michigan Supreme Court denied Riemersma leave to appeal. The assault case docket number was not listed in any of these court orders.

based on a purely procedural state law ground, that Riemersma failed to raise the two issues contained in his petition in his first state-court motion for relief from judgment, and that he had not shown good cause for failing to do so.

On appeal, Riemersma contends that the district court erred in determining that his habeas petition was procedurally barred because Mich. Ct. R. 6.502(G)(1) was not firmly established at the time it was applied to him.[2]

We review de novo whether a state court's decision not to consider Riemersma's request for relief, based on a state procedural rule, is an adequate and independent state ground precluding federal habeas corpus jurisdiction. *Luberda v. Trippett*, 211 F.3d 1004, 1006 (6th Cir. 2000).

■ With a few exceptions, federal courts lack jurisdiction over habeas corpus petitions that raise claims previously denied by a state court on procedural grounds if the procedural bar was "firmly established and regularly followed by the time as of which it [was] applied." *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). "The critical inquiry in assessing how 'firmly' a state procedural rule has been established is whether, viewed from the time of a defendant's later-significant actions or inaction, the defendant could be deemed to have been apprised of the procedural rule's exis-

tence." *Luberda*, 211 F.3d at 1006–07 (internal citations and quotations omitted). *Compare Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir.1998) (state rule prohibiting collateral attack on convictions on grounds that could have been raised on direct appeal did not procedurally bar habeas petition filed by prisoner whose conviction predated rule by twenty-five years) *with Luberda*, 211 F.3d at 1008 (same rule at issue in *Rogers* could procedurally bar habeas petition of prisoner who filed direct appeal before rule was enacted, but who had thirteen months to request permission to add claims presented in his habeas petition to his direct appeal).

■ In the present case, the procedural rule relied on by the Michigan trial court became effective in 1995, well after Riemersma filed his first motion for relief from judgment, the trial court denied the motion, and the Michigan appellate courts denied him leave to appeal. At no time during this process could Riemersma be deemed to have been apprised of the procedural rule's existence because it was enacted after his opportunity to supplement the motion was foreclosed.[3]

Additionally, there is no suggestion that Riemersma should have been aware that merely including the assault case docket number in a motion seeking relief from his related drug and theft convictions would procedurally bar a subsequent motion seeking relief from his assault conviction.

---

**2.** Riemersma also makes several arguments concerning the merits of his habeas corpus petition. The district court did not reach these issues, and so they are not properly before us. They should be addressed by the district court on remand.

**3.** Although it is not entirely clear from the State's truncated brief, it appears that the State may be arguing that Riemersma's final motion was actually rejected pursuant to Mich. Ct. R. 6.508(D)(3), the rule at issue in *Rogers* and *Luberda* which became effective after Riemersma's direct appeal was decided,

but before his first motion for relief from judgment was filed. This argument, if it indeed is the State's argument, is without merit. The trial judge's March 12, 1997 letter stated that Riemersma's motion was rejected pursuant to Mich. Ct. R. 6.502(G)(1). Mich. Ct. R. 6.502 contains no cross-reference to Mich. Ct. R. 6.508. Furthermore, only Mich. Ct. R. 6.502(G)(1) requires clerks to reject successive motions without filing them; Mich. Ct. R. 6.508(D) states that successive motions shall be denied.

Riemersma's notice of direct appeal for his convictions on the consolidated charges also listed the docket number for his assault case, as did the Michigan Court of Appeals decision. Yet, the Michigan Court of Appeals specifically stated that the assault conviction was "not at issue" in the appeal. It is also significant that it would have been improper under Michigan procedural rules for Riemersma's first motion for relief from judgment to have challenged both the convictions stemming from the July 1986 trial and the assault conviction stemming from the August 1986 trial. Mich. Ct. R. 6.502(B) states that a single motion may seek relief from only one judgment.

We conclude that the procedural rule relied on by the Michigan trial judge to reject Riemersma's final motion for relief from judgment was not "firmly established" at the time it was applied and that it does not procedurally bar consideration of Riemersma's habeas petition. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this opinion.