**Larry PORTER, Petitioner,**

v.

**David SMITH, Respondent.**

No. 00–40248.

United States District Court,
E.D. Michigan,
Southern Division.

March 18, 2002.

828

Larry Porter, Jackson, MI, pro se.

Janet Van Cleve, Mich. Dept. of Atty. Gen. Lansing, MI, for respondent

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

GADOLA, District Judge.

### I. *Introduction*

Petitioner Larry Porter, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. For the reasons set forth below, the Court denies the petition.

### II. *Procedural History*

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of first-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony. On November 17, 1989, he was sentenced to life imprisonment for the first-degree murder conviction, forty to eighty years imprisonment for the assault with intent to murder conviction, and two years imprisonment for the felony firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I.  There was insufficient evidence to justify a verdict of guilty beyond a reasonable doubt.

II.  There was insufficient evidence of premeditation for a rational trier of fact to find guilt of first-degree murder beyond a reasonable doubt.

III.  Was the defendant deprived of his constitutional right to the effective assistance of counsel?

IV.  Is reversal required where the defendant's right to due process of the law and a fair and impartial trial were denied under the federal and state constitutions because the trial court pierced the veil of judicial impartiality and unduly influenced the jury?

V.  Did the trial court err in granting the prosecutor's motion to add Vanessa Eli to the witness list where the witness had not been endorsed by the prosecution until the trial, in violation of the amended *res gestae* act and Mr. Porter's right to due process of law and fair notice under the federal and state constitutions?

VI.  Where the complainant could not identify the defendant as the person who shot at him several months before the instant shooting, did the trial court abuse its discretion in admitting evidence of a prior shooting, in violation of defendant's state and federal right to a fair trial and due process of law, and this error was exacerbated where no cautionary instruction was given of the prior act?

VII.  Was defendant's right to a fair trial and to due process of law under the federal and state constitutions abridged where the trial court excluded relevant evidence regarding other death threats to the deceased and the defendant's lack of motive against the deceased?

VIII.  Must the defendant be resentenced where the sentence he received is not reasonably possible to serve pursuant to *People v. Moore,* 432 Mich. 311, 439 N.W.2d 684 (1989)?

IX.  Must defendant's sentence for first-degree murder be reversed where the trial court sentenced the defendant to mandatory life imprisonment without parole at hard labor and to solitary confinement?

X.  Did the trial court's instruction regarding the prosecution's failure to produce a missing endorsed *res gestae* witness create manifest injustice where the court instructed the jury that it could determine that the witness's testimony would have been?

XI.  Did the trial court err in instructing the jury that it could consider facts which were not in evidence at trial when it responded to the jury's question about whether the defendant's fingerprints were on the gun when no fingerprint evidence was introduced at trial?

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Porter,* No. 126738 (Mich.Ct.App. May 26, 1992).

Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court, which denied leave to appeal. *People v. Porter,* No. 94330, 497 N.W.2d 187, 1993 WL 29923 (Mich. Jan.29, 1993).

Petitioner then filed a motion for relief from judgment in the trial court claiming that he received ineffective assistance of trial counsel. The trial court denied the motion for relief from judgment. *People v. Porter,* No. 89–6031 (Detroit Recorder's Court Nov. 14, 1997). Petitioner filed a motion for reconsideration, which was also

denied. *People v. Porter*, No. 89–6031 (Detroit Recorder's Court Jan. 8, 1998). Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for reconsideration in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Porter*, No. 209624 (Mich.Ct.App. Aug. 18, 1998). Petitioner filed a motion for rehearing, which was denied. *People v. Porter*, No. 209624 (Mich. Oct. 29, 1998). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Porter*, No. 113486, 595 N.W.2d 851, 1999 WL 378921 (Mich. May 25, 1999).

While the appeal of the trial court's denial of his first motion for relief from judgment was pending in state court, Petitioner filed a second motion for relief from judgment in the trial court on April 26, 1999, claiming that he was entitled to relief because one or more of the impaneled jurors did not come from the City of Detroit, as required by statute and court rule. That motion for relief from judgment was denied on August 26, 1999. *People v. Porter*, No. 89–06031 (Detroit Recorder's Court Aug. 26, 1999).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for leave to appeal for lack of jurisdiction. *People v. Porter*, No. 223299 (Mich.Ct.App. Nov. 30, 1999). Petitioner next filed a delayed application for leave to appeal to the Michigan Supreme Court, which was denied on June 26, 2000. *People v. Porter*, No. 116058, 641 N.W.2d 854, 2000 WL 33681757 (Mich. June 26, 2000).

On June 27, 2000, Petitioner filed the pending petition for a writ of habeas corpus, presenting the following claim:

Petitioner was denied his constitutional rights to due process as guaranteed by the Fifth and Fourteenth Amendments, and his Sixth Amendment rights to an impartial jury, where the impaneled petit jury was impermissibly selected from outside of the court's legal jury pool that resides within the corporate limits of the City of Detroit.

## III. *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of

clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) [1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 1521. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable...

[A]n unreasonable application of federal law is different from an incorrect application of federal law.... Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1521–22.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

## IV. *Analysis*

Petitioner asserts a single claim for habeas corpus relief, that he was denied his right to due process and his right to an impartial jury because the impaneled jury was selected from outside the court's legal jury pool. Respondent argues that this claim is barred from review because it is procedurally defaulted.

■■■■ The doctrine of procedural default provides:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*,

---

**1.** 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

501 U.S. at 750, 111 S.Ct. 2546, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir.1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust,* 17 F.3d at 162; *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States,* 975 F.2d 1207, 1213–14 (6th Cir.1992), *cert. denied,* 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson,* 94 F.3d at 202.

■ If the last state court from which the petitioner sought review affirmed the conviction both on the merits, and, alterna- tively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust,* 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

This Court begins its analysis of whether Petitioner's claim is procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claim. *See Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. The last state court to issue a reasoned opinion addressing this claim, the Michigan Court of Appeals held that Petitioner's claim was barred from review by Michigan Court Rule 6.502(G)(1). Michigan Court Rule 6.502, amended by the Michigan Supreme Court in 1995, limits criminal defendants to filing one motion for relief from judgment with respect to a conviction, unless a subsequent motion is based on a retroactive change in the law or on newly discovered evidence. *See* MCR 6.502(G)(1) & (2). Prior to the rule's effective date, August 1, 1995, no limit was imposed on the number of motions for relief from judgment a defendant was permitted to file. In the instant case, the Michigan Court of Appeals court held that the exceptions found in Rule 6.502(G)(2) were inapplicable to Petitioner's successive motion for relief from judgment.

■ Petitioner's first motion for relief from judgment was filed in 1997. Accordingly, at the time that Petitioner filed his

first motion, Michigan Court Rule 6.502(G) was a firmly established and regularly followed procedural rule sufficient to invoke procedural default. *Cf. Riemersma v. Jones,* 3 Fed.Appx. 463, 2001 WL 128329, *2, 2001 U.S.App. LEXIS 2472, at *6 (6th Cir. Feb. 7, 2001) (holding that MCR 6.502(G) was not firmly established at the time it was applied to petitioner's case where petitioner's first motion for relief from judgment was filed long before the rule's effective date). Thus, the doctrine of procedural default is invoked and this court may not review this claim unless Petitioner has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

In the instant case, Petitioner asserts no cause for his procedural default. His claim is therefore barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Schlup,* 513 U.S. at 321, 115 S.Ct. 851. Thus, Petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*

Petitioner has not supported his allegations of constitutional error with new reliable evidence that was not presented to the trial court. Accordingly, Petitioner's claim is procedurally barred.

## V. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**