Reginald CANTY, Petitioner–Appellant,

v.

John CASON, Warden, Respondent–Appellee.

No. 02–2030.

United States Court of Appeals, Sixth Circuit.

Jan. 16, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

### ORDER

Reginald Canty, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Canty pleaded guilty in Wayne County, Michigan to second-degree murder. The plea agreement called for a sentence within the sentencing guidelines, with both sides free to argue what the sentencing guidelines should be. The sentencing guidelines, as initially scored, recommended a minimum sentence of 48 to 180 months, or 4 to 15 years.

At the sentencing on April 10, 1996, the prosecutor argued that the score for one offense variable should be increased. The trial court agreed and revised the sentencing guidelines to read 96 to 300 months, or 8 to 25 years. The court then sentenced Canty within the revised guidelines to a

minimum sentence of 23 years and a maximum sentence of 42 years.

On direct appeal, Canty argued through counsel that his sentence was excessive. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." Canty raised the same issue in a pro se application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions should be reviewed . . . ."

On July 31, 1998, Canty filed a motion for relief from judgment in which he raised the following three grounds for relief:

I. Defendant-appellant Reginald Canty is entitled to resentencing, or in the alternative, to withdraw his guilty plea, where the prosecutor and the sentencing judge failed to honor the terms of the initial plea agreement.

II. Defendant-appellant Reginald Canty was denied the effective assistance of counsel on appeal when counsel failed to appeal the trial court's and the prosecutor's failure to honor the terms of the initial plea agreement and where counsel instead raised a frivolous issue.

III. Defendant-appellant Reginald Canty has established "good cause" for failure to raise the claims complained of and "actual prejudice" from the asserted irregularities.

The trial court denied the motion after concluding that it had not abused its discretion at sentencing and that appellate counsel was not required to raise all possible claims on appeal.

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Canty raised the same claims in pro se applications for leave to appeal the trial court's order. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." The Michigan Supreme Court denied leave to appeal because Canty "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

Thereafter, on June 26, 2001, Canty filed his habeas petition raising the same grounds for relief that he presented in his motion for relief from judgment and subsequent appeals. After consideration of his petition, the district court denied the writ of habeas corpus and granted a certificate of appealability on three issues: (1) whether Canty is entitled to resentencing or withdrawal of his guilty plea where the judge and prosecutor failed to honor the plea agreement; (2) whether Canty was denied the effective assistance of counsel when his appellate counsel did not raise the judge's and prosecutor's failure to honor the plea agreement; and (3) whether Canty has established "good cause" for failure to raise the claims complained of and demonstrated "actual prejudice" from the asserted irregularities.

We review de novo the dismissal of a petition for habeas corpus relief. *See Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders*, 5 F.3d 975, 978 (6th Cir.1993).

■ Upon review, we affirm the district court's judgment for the reasons stated by that court. Canty's substantive claims (I and II) were procedurally defaulted. The Michigan Supreme Court clearly and expressly relied on Michigan Court Rule 6.508(D), a valid state procedural bar, *see Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir.2002); *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir.2000), in denying Canty's motion for relief from judgment in which these claims were raised; therefore,

Canty was required to establish cause for his default and prejudice, or that a fundamental miscarriage of justice would result from the failure to review the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Canty did not establish cause for his procedural default by arguing that his appellate counsel was ineffective, because the record in this case clearly reflects that Canty entered a valid guilty plea. *See Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Thus appellate counsel was not ineffective for failing to raise Canty's claim about the plea and sentence agreement on direct appeal, *see Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Carpenter v. Mohr*, 163 F.3d 938, 946 (6th Cir.1998), *rev'd on other grounds sub nom Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), and appellate counsel's performance does not excuse Canty's state procedural default.

■ Since Canty has failed to establish cause to excuse a procedural default, we do not need to address the issue of prejudice. *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir.2000). Further, the "miscarriage of justice" exception is inapplicable here because Canty pleaded guilty, and he does not claim to be actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 326–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Murray*, 477 U.S. at 496.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.