**Arthur L. LOCKETT, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

No. 02–2274.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Arthur L. Lockett, Port Huron, MI, pro se.

Debra M. Gagliardi, Asst. Atty General, Office of the Attorney General, Corrections Division, Lansing, MI, for Respondent–Appellee.

Before: SUHRHEINRICH, GIBBSONS, and SUTTON, Circuit Judges.

*ORDER*

Arthur L. Lockett, a pro se Michigan prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, during an ongoing drug investigation, Deputy Donley (also referred to as Donnellon in the record) bought crack cocaine from an unknown supplier, later identified as Lockett, across from the Serenade Motel in Port Huron, Michigan. Following his arrest, Lockett was convicted on May 25, 1989, of delivery of less than 50 grams of cocaine and was sentenced to three to twenty years in prison. The state trial court granted his motion to vacate sentence in 1991, but did not change the term of imprisonment at resentencing. In 1994, the Michigan Court of Appeals affirmed his conviction and sentence on direct appeal. Lockett did not appeal to the Michigan Supreme Court.

Lockett next filed a federal habeas corpus petition, which was dismissed without prejudice for lack of exhaustion.

On March 4, 1999, Lockett returned to state court and filed a Mich. Ct. R. 6.500 motion for relief from judgment. The trial court denied the motion for lack of merit the same month. The Michigan Court of Appeals denied leave to appeal for failure "to meet the burden of establishing entitlement to relief" under Mich. Ct. R. 6.508(D) on June 8, 2000, and the Michigan Supreme Court also denied leave to appeal for this reason on January 30, 2001.

On March 27, 2001, Lockett filed his instant federal habeas corpus petition, raising ten enumerated claims. The district court concluded that Lockett's claims were procedurally defaulted and Lockett had failed to show cause and prejudice to excuse the default. Nonetheless, the district court granted a certificate of appealability as to whether the alleged destruction of a videotape, which was *not* of the drug buy, deprived Lockett of his ability to develop exculpatory facts. The district court reasoned that *Kyles v. Whitley*, 514 U.S. 419, 437–38, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), suggests that an accused may be able to prove a denial of due process by the destruction of evidence, regardless of whether the evidence was destroyed in bad faith.

Lockett has filed a timely appeal and essentially reasserts the certified issue.

In habeas corpus actions, we review a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

In his claim, Lockett argued that he was deprived of his ability to develop exculpatory facts because the police had taped over a videotape which Deputy Donley had used to identify him. Lockett contends trial counsel was ineffective for failing to move to suppress Donley's testimony at trial and that appellate counsel was ineffective for failing to challenge the ineffectiveness of trial counsel. Lockett relies on the ineffectiveness of trial and appellate counsel to excuse any procedural default.

The district court properly concluded that Lockett's claim was procedurally barred. First, Lockett failed to comply with the state rule applicable to his claim, Mich. Ct. R. 6.508(D)(3). *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). The rule provides in part that the state court may not grant relief if the motion raises grounds which could have been raised on direct appeal, unless cause and prejudice is shown. *See* Mich. Ct. R. 6.508(D)(3). Lockett did not challenge the destruction of the videotape on direct appeal, but first raised his claims in his Rule 6.500 motion. Second, the Michigan Supreme Court denied him leave to appeal on the procedural rule, stating that he had failed to demonstrate entitlement to relief under Rule 6.508(D). *See Maupin*, 785 F.2d at 138. Third, the rule was an adequate and independent state ground on which the state could rely to foreclose federal review. Although the rule, which became effective October 1, 1989, was not in effect at the time of Lockett's conviction, the rule was nonetheless firmly established by the time he filed his direct appeal on August 31, 1992, and thus Lockett could have tailored his appeal to avoid a procedural default. *See Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir.2000).

Fourth, Lockett failed to show cause and prejudice to excuse his default or a miscarriage of justice. *See Maupin*, 785 F.2d at 138. His allegation of ineffective assistance of counsel does not establish cause for his default because his underlying claim is without merit. *See Willis v. Smith*, 351 F.3d 741, 745 (6th Cir.2003).

Although the government is obligated to disclose favorable evidence which is material to guilt or innocence, the government's duty to preserve evidence is limited to evidence which "possesses an exculpatory value that was apparent before the evidence was destroyed," and "is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta,* 467 U.S. 479, 480, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Favorable evidence is material if there is a reasonable probability that the result of the criminal proceeding would have been different if the evidence had not been suppressed. *Kyles,* 514 U.S. at 433–34. Case law predating *Kyles* holds that a police officer's failure to preserve potentially useful evidence does not constitute a denial of due process, absent a showing of bad faith. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

We decline to reach the question of whether a showing of bad faith is still necessary as Lockett has failed to show that the tape possessed any apparent exculpatory value. The tape was not of the drug buy, but of people carrying out normal activities, and was used merely to identify Lockett. As part of the drug investigation, undercover officers had been driving past the Serenade Motel and filming people there. Donley would review the tapes and identify whether he had conducted a drug deal with anyone on the tape. Two days after his transaction with Lockett, Donley viewed the tape at issue and pointed out the defendant, while another police officer identified Lockett by name. Moreover, Lockett does not deny being in the area. Rather, Lockett testified at trial that he lived next to the Serenade Motel and frequently hung around outside the motel, drinking with friends.

We also note that Lockett had comparable evidence available. At trial, he had the opportunity to attack Donley's identification of him during cross-examination and was able to elicit that Donley had initially watched the tape on a small, six-inch television screen.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.