**Thomas HIGHERS, Petitioner– Appellant,**

v.

**Robert J. KAPTURE, Warden, Respondent–Appellee.**

No. 02–2324.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Thomas Highers, a Michigan prisoner proceeding pro se, appeals the district court order that denied his petition for a

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

nois, sitting by designation.

writ of habeas corpus. *See* 28 U.S.C. § 2254. The district court granted Highers a certificate of appealability on his claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a 1989 bench trial, Highers was convicted of first-degree felony murder, assault with intent to murder, and felony firearm. The court sentenced him to life imprisonment without parole, twelve and one-half to twenty-five years, and two years of imprisonment, respectively. The Michigan Court of Appeals affirmed the convictions and sentences, and the Michigan Supreme Court denied Highers leave to appeal. Highers filed a motion for relief from judgment in the trial court, and raised two claims he had not raised on direct appeal: (1) "[his] decision to waive his Sixth and Fourteenth Amendment right to jury trial was not knowing, intelligent and voluntary, where he was not affirmatively advised against an expectation of leniency, and where his trial attorney in fact led him to believe that by waiving a jury, he would not be convicted of first-degree murder"; and (2) "[he] was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel where his trial attorneys erroneously advised him that by waiving his right to jury trial, he would not be convicted of first-degree murder." The state trial court denied the motion, and the appellate courts denied leave to appeal based upon MCR 6.508(D). Highers filed his petition for a writ of habeas corpus in the district court in May 2001, raising the two claims from his state court motion for relief from judgment. The district court denied the petition on the basis of procedural default.

On appeal, Highers reasserts his district court claims.

We review the dismissal of a habeas corpus petition de novo. *Rogers v. Howes,* 144 F.3d 990, 992 (6th Cir.1998).

Upon review, we affirm the district court's decision for the reasons stated by the district court. The district court properly held that Highers procedurally defaulted his claims. *See Boyle v. Million,* 201 F.3d 711, 716 (6th Cir.2000). Under Michigan law, a defendant who raises new claims in a motion for relief from judgment must demonstrate "good cause" for failure to have raised the grounds for relief on appeal and actual prejudice for the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a)-(b). The Michigan Supreme Court denied Highers leave to appeal by holding that Highers had failed to establish entitlement to relief under MCR 6.508(D). This ruling bars review of Highers's claims unless he can demonstrate cause for and prejudice from his default. *See Simpson v. Jones,* 238 F.3d 399, 407–08 (6th Cir.2000).

We agree with the district court that Highers failed to show cause to excuse his procedural default. *See Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Highers argued that ineffective assistance of appellate counsel excused his procedural default, and claimed that his attorney erred by not raising his present claims on direct appeal. Thus, we examine the merits of Highers's claim that his trial attorneys erroneously advised him that he would not be convicted of first-degree murder if he waived his right to jury trial.

Highers did not establish that his trial attorney's representation was defective or that he was prejudiced by his attorney's actions. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record indicates

that Charles Campbell, who represented Highers at trial, was aware that a defendant's willingness to waive a jury trial might be a factor in the judge's weighing of the case. However, there is nothing in the record, aside from Highers's self-serving affidavit, to suggest that Campbell guaranteed a particular result to his client. Moreover, there is no constitutional requirement that a defendant be affirmatively disabused of the idea that he will get more lenient treatment if he waives a jury trial. *See, e.g., United States v. Martin,* 704 F.2d 267, 274 (6th Cir.1983). Accordingly, Campbell's performance was not deficient.

Furthermore, Highers cannot show that he was prejudiced by Campbell's advice. Highers did not rebut the state court's factual finding that Charles Lusby, not Campbell, represented him when he agreed to waive his right to a jury trial. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998). Thus, Highers could not have relied on any advice Campbell might have given when he agreed to a bench trial. We note that Highers now argues that Campbell advised him not to withdraw his request for a bench trial. This argument was not raised in Highers's petition to the district court, so we will not consider it for the first time on appeal. *See Chandler v. Jones,* 813 F.2d 773, 777 (6th Cir.1987).

Highers cannot rely on ineffective assistance of appellate counsel to excuse his procedural default because his underlying claim is without merit. Thus, he is not entitled to habeas review of his claims unless he can establish a fundamental miscarriage of justice. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Highers did not meet this requirement because he did not submit any evidence that he is actually innocent. *See Murray v. Carrier,* 477 U.S.

478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.