NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0023n.06

No. 13-1681

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DEANGELO THOMAS, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Jan 15, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MITCH PERRY, Warden, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:  SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Deangelo Thomas, a Michigan prisoner proceeding through counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.  We affirm.

Thomas's convictions arose from a dispute over the ownership of a car.  On the morning of May 19, 2003, Thomas went to Mario Tait's residence to talk to him about the car and instead spoke with his father, Robert Tait.  The conversation became heated, and Robert Tait told Thomas to "get the hell off of my property." (Page ID# 329).  According to Robert Tait, Thomas "left kind of upset" and said "he'd be back." (Page ID# 328).  Less than an hour later, someone fired several shots at the Taits' house.  In his deposition pursuant to an investigative subpoena, which was admitted at trial, Mario Tait testified that, when he ran to the front of the house after the shots were fired, he saw Thomas driving away in a Corvette.  Following a bench trial, Thomas was convicted of assault with intent to murder Mario Tait along with a number of related firearm offenses.  Thomas was acquitted of assault with intent to murder Robert Tait.

On direct appeal, Thomas raised ineffective assistance claims. The Michigan Court of Appeals remanded Thomas's case to the trial court for an evidentiary hearing pursuant to *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973). At the conclusion of the hearing, the trial court found that Thomas was not deprived of effective assistance and denied his motion for a new trial. The Michigan Court of Appeals affirmed Thomas's convictions. *People v. Thomas*, No. 258394, 2007 WL 189347 (Mich. Ct. App. Jan. 25, 2007), *lv. app. denied*, 732 N.W.2d 905 (Mich. 2007). Thomas filed a motion for relief from judgment, which the trial court denied. The Michigan Court of Appeals and the Michigan Supreme Court both denied leave to appeal for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Thomas*, No. 298522 (Mich. Ct. App. Mar. 3, 2011), *lv. app. denied*, 802 N.W.2d 615 (Mich. 2011).

Thomas then filed the instant habeas petition, claiming: (1) ineffective assistance of appellate counsel; (2) newly discovered evidence; (3) invalid jury trial waiver; (4) insufficient evidence; (5) ineffective assistance of trial counsel; and (6) prosecutorial misconduct. The district court denied Thomas's habeas petition on the merits but granted a certificate of appealability. This timely appeal followed. Thomas withdrew his prosecutorial misconduct claim in his reply brief.

"On appeal of a denial of a petition for a writ of habeas corpus, we review the district court's conclusions of law *de novo* and its factual findings for clear error." *Fitzpatrick v. Robinson*, 723 F.3d 624, 632-33 (6th Cir. 2013). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas relief with respect to a claim that was adjudicated on the merits in a state court proceeding only if the state court's adjudication resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Contrary to Thomas's assertion, with the exception of his insufficient evidence claim, the district court did not rule that his claims were not procedurally defaulted or that ineffective assistance of appellate counsel excused his default. Instead, the district court proceeded to the merits of Thomas's claims without resolving the procedural default issue. *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003). We do the same.

Thomas asserted newly discovered evidence in the form of an affidavit of Mary Smith, who was Mario Tait's girlfriend and was present at the house at the time of the shooting, stating that she saw the Corvette and that neither the driver nor the passenger was Thomas. As the district court properly held, Thomas's freestanding claim of actual innocence based on newly discovered evidence is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007).

Thomas claimed that his jury trial waiver was invalid because his trial counsel purportedly advised him that "there was no way" that the judge could find him guilty and coerced him to waive his right to a jury trial based on her personal preference for a quick bench trial. "Because the right to a jury trial is fundamental, a waiver of that right must be voluntary, knowing, and intelligent." *Otte v. Houk*, 654 F.3d 594, 600 (6th Cir. 2011). "[T]he dispositive inquiry is whether the defendant understood that the choice confronting him was, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." *Jells v. Mitchell*, 538 F.3d 478, 510 (6th Cir. 2008) (internal quotation marks omitted). In denying the motion for relief from judgment, the trial court pointed out that Thomas signed a written waiver and orally affirmed that waiver in open

court after consulting with his attorney. The record reflects that, in response to the trial court's questions, Thomas indicated that he understood that he had a constitutional right to a jury trial and that he voluntarily waived that right and elected to have the trial court hear his case. Nothing in the record, other than Thomas's self-serving affidavit, suggests that trial counsel promised an acquittal if Thomas waived his right to a jury trial or abandoned her loyalty to him. *See Highers v. Kapture*, 93 F. App'x 48, 50 (6th Cir. 2004). The trial court's determination that Thomas's jury trial waiver was valid was not an unreasonable application of clearly established federal law nor an unreasonable determination of the facts.

Thomas next asserted that there was insufficient evidence that he had any role in the shooting. In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In addressing Thomas's claim that trial counsel was ineffective for failing to seek redaction of hearsay from Mario Tait's deposition, the Michigan Court of Appeals held as follows:

> Mario testified at the deposition that he saw a red convertible Corvette driving away from the scene and that he chased the car around the block and saw defendant inside the vehicle. Mario further claimed that defendant telephoned and threatened violence if the car was not returned and later called blaming the shooting on an accomplice. Given Mario's testimony identifying defendant from his personal observations, the inadmissible hearsay did not affect the outcome of defendant's trial.

*Thomas*, 2007 WL 189347, at *3. In addition to Mario Tait's deposition testimony, a police officer testified that Mario Tait identified Thomas as the shooter within minutes of the shooting. Based on Mario Tait's identification as well as the circumstantial evidence of Thomas's involvement, a rational trier of fact could have found that Thomas was the shooter.

In reviewing Thomas's ineffective assistance claims, the Michigan Court of Appeals applied the two-part standard established in *Strickland v. Washington*, 466 U.S. 668 (1984): the defendant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id*. at 687. Our review of the state court's application of *Strickland* is "doubly" deferential: "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

Thomas first claimed that trial counsel was ineffective for failing to object to the introduction of Mario Tait's deposition testimony. The Michigan Court of Appeals concluded that the deposition testimony was admissible as substantive evidence as a prior inconsistent statement given under oath pursuant to Michigan Rule of Evidence 801(d)(1)(A). We "must defer to a state court's interpretation of its own rules of evidence." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation marks omitted).

Next, Thomas argued that trial counsel was ineffective for failing to seek redaction of Mario Tait's deposition transcript. The Michigan Court of Appeals agreed that Mario Tait's deposition testimony contained inadmissible hearsay, statements without personal knowledge, and irrelevant evidence, but concluded that "the admission of this evidence was not outcome determinative," given Mario Tait's testimony based on his personal observation that Thomas was the shooter. *Thomas*, 2007 WL 189347, at *4. Contrary to Thomas's argument, the Michigan Court of Appeals did not rule that motive was irrelevant, only that motive was secondary to identification in this particular case. This decision did not result in an unreasonable application of *Strickland*.

Thomas also claimed that trial counsel was ineffective for limiting the scope of Mario Tait's cross-examination and failing to highlight internal and external inconsistencies between his original statements to the police and his statements in the deposition. Thomas relatedly asserted that, by failing to attack Mario Tait's credibility, trial counsel failed to present a defense. The Michigan Court of Appeals held that counsel employed a sound trial strategy:

> Defense counsel repeatedly claimed that she did not cross-examine Mario in more depth because "everything was going our way." On direct examination at trial, Mario completely denied the veracity of every statement made at the deposition. In fact, Mario denied making the statements transcribed at the investigative subpoena deposition. Defense counsel admitted at the *Ginther* hearing that the court reporter honestly transcribed the statements made at the deposition. Therefore, Mario's denial of making those statements was not credible. Had defense counsel cross-examined Mario in more depth regarding the inconsistencies in his testimonies, defense counsel would have further highlighted the incredible claim that Mario never made the challenged statements at the investigative subpoena deposition. Since Mario's testimony at trial was favorable to defendant, defense counsel decided to "leave it alone."

*Thomas*, 2007 WL 189347, at *5. The Michigan Court of Appeals further determined that trial counsel "provided a reasonable explanation for the complainants' changes of heart." *Id.* Again, the Michigan Court of Appeals did not unreasonably apply *Strickland*.

The district court did not address the merits of Thomas's ineffective assistance of appellate counsel claims. Thomas's appellate counsel raised substantial issues on direct appeal, and the omitted claims lack merit for the reasons discussed herein. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

For the foregoing reasons, we affirm the district court's judgment denying Thomas's habeas petition.